## STATE *v.* KATIE JAMISON.

[54 South. 843.]

1. CRIMINAL LAW. *Code* 1906, *section* 1377. *Threatening letter. Demurrer.*

   A demurrer to an affidavit charging the sending of a letter as shown in this case was properly sustained, the letter on its face not containing any threat within the meaning of section 1377, Code 1906.

2. DEMURRER.

   In passing on a demurrer the court is confined to, and cannot take into consideration matters *aliunde* the record.

APPEAL from the circuit court of Yazoo county.

HON. W. A. HENRY, Judge.

Katie Johnson was charged with sending a threatening letter. She demurred to the affidavit and her demurrer being sustained, the state appeals.

The following affidavit was filed against the appellee, being accompanied by a letter made a part thereof: "Before me, W. J. Royster, a justice of the peace of said county, in justice district No. 3, H. T. Whadley, who makes affidavit on information and belief that Katie Jamison, on or about the ———— day of August, 1908, in the county aforesaid, in said justice's district, did willfully and unlawfully send, deliver, and drop a threatening letter, a copy of which is filed herewith and made a part hereof, to one Jane Laws, with intent then and there to terrorize and intimidate the said Jane Laws, against the peace and dignity of the state of Mississippi."

The letter is as follows: "Well, Jane, you have succeeded in throwing me out of the money on Uncle Mitchell. I hope you are satisfied, and you and your husband will stop running around saying all manner of low down things about me. You could not get it. You

would not let me have it.  I was not willing to
go to law for it.  I have long learned that lawsuits
will not do any good.  The dirty things that you and
West have done and said will cost you more than seven
hundred dollars.  I learned that you had killed one child
by your acts.  Your brothers all died terrible deaths.
You told me that your father was worked and beat to
death by your husband.  West told me that Uncle Mitch-
ell would carry notes from men to his own granddaugh-
ter, for whiskey, then go off from the house and leave
the man and the girl there.  He says he told you to slap
that baby on your side and get up from there and run
around to keep me from that money; for you could not
get it and I should not have it.  You seemed to have
done so, and hit it so hard until you killed it and got it
out of your way, and still I learn that you are still telling
all kinds of tales, saying that your own father was crazy.
I would speak well of the dead.  West and you will stop
after a while I hope.  You will get out of the N. L. of H.,
I hope, and not be turned out.  You should stay out until
you get through the lawsuits.  I will not have any law-
suit.  I will let you rule it, and pay the debt, as you
would not let me get what was mine.  Now, Jane, I ask
you to get your husband to stop saying all of those low
dirty things about me.  I learned that he cursed me.  I
thought I would make a charge against him in the Masons
as soon as you end these lawsuits.  I want you both to
have your way first, and get satisfied.  [Signed] K. B.
Jamison.''

A demurrer was filed to the affidavit, which set out
that ''the letter claimed to have been delivered and
made a part of the affidavit by defendant is not a threat-
ening one in the meaning of the law, and the affidavit,
therefore, charges no crime.''  The court sustained the
demurrer, and the state appeals.

The statute under which the affidavit is drawn is as
follows:

."1377. *Threatening Letter or Notice.*—If any person shall post, mail, deliver, or drop a threatening letter or notice to another, whether such other be named or indicated therein or not, with intent to terrorize or intimidate such other, he shall, upon conviction, be punished by imprisonment in the county jail not more than six months, or by fine not more than five hundred dollars, or both." Code of 1906.

*Holmes & Holmes,* for appellant.

The affidavit was framed under, and was intended to charge a violation of section 1377 of the Mississippi Code of 1906.

What is a threatening letter or notice, however, does not always appear on the face of the letter or notice itself. That is, language may seem mild and inoffensive, and, indeed, meaningless, to one for whom the language was not intended, or to one who is ignorant of the relations of the parties between whom the communication passed, or to one who is in ignorance of the motives, purposes, and intentions, which prompted the sending of the communication, but the same language may become the vilest threat in the light of a full explanation of the relation of the parties and all the circumstances surrounding them. When an affidavit, therefore, framed under section 1377, alleges directly that the letter was a threatening letter, it is an arbitrary thing for the court, on demurrer (the demurrer, admitting as it does the truth of the allegations contained in the affidavit) to sustain the demurrer, and refuse to hear evidence which may show the threatening character of the letter alleged to have been sent. And yet, this is what the court did in this case. The affidavit charged directly that the letter alleged to have been sent was a threatening letter. The defendant's demurrer to the affidavit admitted that it was a threatening letter.

We think, however, that the letter herein complained of, is a threatening letter on its face, but he who differs with us in this opinion will have scant reason for doubt when placed in possession of the facts which show the relations of the parties concerned, the circumstances surrounding them, and the differences existing between them.

But the letter does not stop here. Another threat follows in language which is more significant when we remember that the defendant is Grand Protector of the "N. L. of H." over the state of Mississippi, and wields a high authority in that order. Note the following:

"You will get out of the N. L. of H. I hope and not be turned out." Jane was a member of this order, and such language from the superior officer of the society could have but one meaning construed in the light of the circumstances of this case—unless you get out, you will be turned out.

We submit, therefore, that the court should have overruled defendant's demurrer, and permitted the introduction of proof in support of the allegations contained in the affidavit.

SMITH, J., delivered the opinion of the court.

The court committed no error in sustaining the demurrer to the affidavit. The letter on its face contained no threat, within the meaning of section 1377 of the Code.

It is contended, however, by counsel for the state, that the letter, construed in the light of certain evidence, which would have been introduced on the trial, did contain a threat within the meaning of this section. All this may be true, and still the situation is not altered; for the affidavit contained no allegation submitting any such construction of the letter to the court. In passing on the demurrer, the court is confined to, and cannot take into consideration matters *aliunde* the record.

*Affirmed.*